UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

CARRIE MOLERO,                        )
                                      )
        Plaintiff,                 )   Case No. 1:18-cv-283
                                      )
v.                                    )   Honorable Gordon J. Quist
                                      )
JACKSON FINANCIAL, INC.,              )
                                      )
        Defendant.                 )
_____)

**REPORT AND RECOMMENDATION**

This is a civil action under the Fair Credit Reporting Act (FCRA). Plaintiff filed this lawsuit in state court and it was removed to this Court by defendant Trans Union, LLC. On June 5, 2018, the Court dismissed all plaintiff's claims against Trans Union, LLC. (ECF No. 20).

On May 2, 2018, the Clerk entered a default against defendant Jackson Financial, Inc. (ECF No. 13). The matter is before the Court on plaintiff's motion for entry of a default judgment. (ECF No. 17). Upon review, I recommend that the motion for a default judgment be denied, that plaintiff be ordered to file and serve an amended complaint correcting the deficiencies in her current pleading, and that the default be set aside as moot.

**Applicable Standards**

Judge Robert Holmes Bell's memorandum opinion in *Vinton v. CG's Prep Kitchen & Café*, No. 1:09-cv-707, 2010 WL 748221, at *1 (W.D. Mich. Mar. 2, 2010)

provides a concise summary of the applicable standards:

> As the result of the entry of default, the factual allegations of the complaint, except those relating to the amount of damages, are accepted as true. *See Thompson v. Wooster*, 114 U.S. 104, 5 S. Ct. 788, 29 L.Ed. 105 (1885). A default is not an absolute confession by defendant of his liability and of plaintiff's right to recover, however. Rather, it is merely an admission of the facts set forth in the complaint, which by themselves may or may not be sufficient to establish a defendant's liability. *See Capitol Records v. Rita Carmichael*, 508 F. Supp. 2d 1079, 1083 (S.D. Ala. 2007). A default judgment therefore cannot stand on a complaint that fails to state a claim. *Id.*; accord *Collins v. Sovereign Bank*, 482 F. Supp. 2d 235, 242 (D. Conn. 2007). "A complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, [556] U.S. [662, 678], 129 S. Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (citations omitted). The plausibility standard requires more than a sheer possibility that a defendant acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief. *Id.*

"Where a complaint fails to state a claim, a motion for a default judgment should be denied." *White v. Parker*, No. 1:11-cv-294, 2018 WL 1279545, at *3 (E.D. Tenn. Feb. 20, 2018) (citing *Bailey v. Harrison*, No. 95-6263, 1997 WL 49955, at *1 (6th Cir. Feb. 6, 1997) ("Default judgments would not have been proper due to the failure to state a claim against these defendants.")).

## Allegations

Plaintiff is a Michigan resident. Jackson Financial, Inc. is a Michigan corporation.[1] Jackson Financial is "inaccurately reporting with a status of charge off

---

[1] Because plaintiff's factual allegations must be taken as true, it is simply noted that the Michigan Department of Licensing and Regulatory Affairs corporate online filing system indicates that Jackson Financial, Inc. was dissolved on July 15, 2017. *See*

and remarks of voluntary repossession." (Compl. ¶¶ 3-5, ECF No. 1-4, PageID.12)

On July 25, 2017, plaintiff's chapter seven bankruptcy was discharged. On September 6, 2017, plaintiff obtained her Trans Union credit report. On or about October 18, 2017, plaintiff sent a letter to Trans Union disputing Jackson Financial's report. (*Id.* at ¶¶ 5-9, PaGEid.12). "Upon information and belief, Trans Union forwarded [plaintiff's] consumer dispute to Jackson Financial." (*Id.* at ¶ 11, PageID.12).

On January 3, 2018, plaintiff obtained her Trans Union credit report. It continued to indicate a status of "charged off and remarks of a voluntary repossession." (*Id.* at ¶ 13, ECF No. 13).

## Discussion

Plaintiff seeks to recover damages against Jackson Financial, Inc. for negligent and intentional violations of its obligations under the FCRA. (Compl. at 3-5, ECF No. 1-4, PageID.13-15). The FCRA "covers three main actors: (1) credit reporting agencies; (2) users of consumer reports; and (3) furnishers of information to credit reporting agencies." *LaBreck v. Mid-Mich Credit Bureau.*, No. 1:16-cv-1160, 2016 WL 6927454, at *2 (W.D. Mich. Nov. 28, 2016).

Although the term furnisher does not appear anywhere in plaintiff's complaint or her motion for a default judgment, it can reasonably be inferred that she is seeking an award of damages against Jackson Financial, Inc. as a furnisher. *See Moore v.*

---

https://cofs.lara.state.mi.us/CorpWeb/CorpSearch/CorpSummary.aspx?ID=800639284&SEARCH_TYPE=1 (last visited June 11, 2018).

*Capital One Service, LLC*, No. 1:13-cv-128, 2013 WL 1136725, at *2 (W.D. Mich. Feb. 26, 2013). Plaintiff claims negligent and intentional breaches of a furnisher's duties to conduct an investigation with regard to the disputed information, review all relevant information provided by the consumer reporting agency, and direct the consumer reporting agency to correct the inaccurate information. (Compl. ¶¶ 16, 17, 23, 24, ECF No. 1-4, PageID.13-14) (citing 15 U.S.C. § 1681s-(2)(b)).

In *Boggio v. USAA Fed. Sav. Bank*, 696 F.3d 611, 616 (2012), the Sixth Circuit held that consumers "may file actions pursuant to [15 U.S.C.] §§ 1681n and 1681o claiming that furnishers of information have violated § 1681s-2(b)." "A private cause of action against a furnisher of information does not arise until a consumer reporting agency provides notice of a dispute."[2] *Brown v. Wal-Mart Stores, Inc.*, 507 F. App'x 543, 547 (6th Cir. 2012); *see May v. CitiMortgage, Inc.*, 648 F. App'x 567, 570 (6th Cir. 2016) (" '[C]onsumers may step in to enforce their rights only after a furnisher has received proper notice of a dispute from a [consumer reporting agency].' ") (quoting *Boggio*, 696 F.3d at 615-16); *Merritt v. Experian*, 560 F. App'x 525, 529 (6th Cir. 2014) (" 'Furnishers' of information to consumer reporting agencies do have certain responsibilities to investigate — but only after receiving a request from a consumer reporting agency to respond to a dispute.").

Although the Sixth Circuit has not yet decided the issue, the United States

---

[2] "How thorough an investigation must be to be 'reasonable' turns on what relevant information was provided to a furnisher by the CRA giving notice of a dispute." *Forgues v. Select Portfolio Servicing, Inc.*, 690 F. App'x 896, 904 (6th Cir. 2017) (citation and quotation omitted).

District Court for the Eastern District of Michigan has repeatedly held that an allegation on "information and belief" that a credit reporting agency provided notice to a furnisher fails to state a claim upon which relief can be granted.  *See Yeska v. Experian Info. Sol., Inc.*, No. 16-12395, 2016 WL 7674783, at *4 (E.D. Mich. Dec. 21, 2016); *Fluegge v. Nationstar Mortg., LLC*, No. 12-cv-15500, 2015 WL 4430062, at *10-11 (E.D. Mich. July 20, 2015); *Khalil v. Transunion, LLC*, No. 08-10303, 2009 WL 804165, at *2 (E.D. Mich. Mar. 25, 2009).  I find these cases to be persuasive authority.[3]  "[A] plaintiff suing under § 1681s-2(b) can readily determine whether credit reporting agencies contacted the defendant furnisher:  a consumer is entitled to receive 'a description of the procedure used to determine the accuracy and completeness of the information ... including the business name and address of any furnisher of information contacted in connection with such information.' "  *Fluegge*, 2015 WL 4430062, at *10 (quoting *Densmore v. General Motors Acceptance Corp.*, 2003 WL 22220177 (N.D. Ill. Sept. 22, 2003) and citing 15 U.S.C. § 1681i(a)(6)(A)(iii)).

Plaintiff should be granted an opportunity to amend her complaint, but if she fails to amend her pleading, this lawsuit should be dismissed.  Allowing a plaintiff an opportunity to amend her complaint to allege specific facts regarding the furnisher's receipt of the notice from the consumer reporting agency is generally appropriate.  *See Lossia v. Flagstar Bancorp, Inc.*, No. 15-cv-12540, 2015 WL 6736171, at *2 (E.D. Mich. Nov. 4, 2014).  Here, it is particularly appropriate because the defect in

---

[3] Plaintiff's counsel was aware of the Eastern District's decisions in *Yeska* and *Khalil* holding that an allegation made on information and belief was insufficient to state a FCRA claim against a furnisher.  He represented the plaintiff in each of those cases.

plaintiff's pleading was raised *sua sponte* in the context of addressing a motion for a default judgment.

It is well established that an amended pleading supersedes the original complaint and renders it a nullity. *See Hayward v. Cleveland Clinic Found.*, 759 F.3d 601, 617 (6th Cir. 2014). "[C]ourts have found that once the original complaint is superseded, a clerk's entry of judgment on that pleading is mooted." *Jefferson v. United Car Co.*, No. 14-13749, 2015 WL 7208160, at *3 (E.D. Mich. June 11, 2015). I recommend that default be set aside as moot upon the filing of an amended pleading.[4]

### **Recommended Disposition**

For the reasons set forth herein, I recommend that plaintiff's motion for a default judgment (ECF No. 17) be denied. I recommend that plaintiff be ordered to file an amended pleading no later than thirty days after the Court's adoption of this report and recommendation, and that if plaintiff fails to do so, I recommend that the complaint be dismissed for failure to state a claim upon which relief can be granted. I recommend that the default be set aside as moot upon the filing of an amended pleading.

Dated:  June 13, 2018          /s/  Phillip J. Green
                               PHILLIP J. GREEN
                               United States Magistrate Judge

---

[4] Plaintiff should take great care in serving her amended pleading. *See* FED. R. CIV. P. 4(h); *see also Perry v. Crystal Lake Fin. Corp.*, No. 277538, 2008 WL 2185335 (Mich. Ct. App. May 27, 2008) (affirming lower court decision setting aside a $2,000,000 default judgment against a dissolved corporation because service of process was deficient). In light of the defects in plaintiff's original pleading, it is not necessary to determine whether service of process on the resident agent for a dissolved corporation (ECF No. 9) would be sufficient to support entry of a default or default judgment.

-7-

## NOTICE TO PARTIES

ANY OBJECTIONS to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008). General objections do not suffice. *See*